UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BETHANY LIOU BETHANY LIOU, an individual, GRANDE OAK LLC, a California Limited Liability Company, and GRANDE, LLC, a California Limited Liability Company,

Plaintiffs,

v.

STONECREST FINANCIAL, INC., PLM LOAN PROCESSING CENTER, INTC., JON O. FREEMAN, ASHU REGE, SHAFIG TAYMUREE, and DOES 1 through 50, inclusive,

Defendants.

Case No.  1:25-cv-01706-KES-FRS (SAB)

**ORDER DIRECTING PLAINTIFFS' COUNSEL TO APPEAR AT THE MARCH 18, 2026 HEARING**

(ECF Nos. 6, 7)

**MARCH 17, 2026 DEADLINE**

Currently before the Court is John R. Setlich of the Law Offices of John R. Setlich's motion to withdraw as counsel of record for Plaintiffs Bethany Liou, Grande Oak LLC, and Grande, LLC.  (ECF No. 7.)  No defendant has yet appeared in this action. No party has filed an opposition, and time to do so has passed.  The matter is therefore deemed unopposed.  Counsel's motion indicates that Plaintiffs' counsel intends to terminate representation ahead of the hearing currently set for March 18, 2026 before Magistrate Judge Stanley A. Boone.  (ECF No. 7 ¶ 4.)

The Court finds the motion substantively deficient.  Accordingly, Plaintiffs' counsel is directed to file a supplemental declaration in support of the motion to withdraw to address the deficiencies identified herein **on or before March 17, 2026**.  Additionally, Plaintiffs and their counsel are DIRECTED to appear in person or by videoconference at the hearing currently set for

1

**March 18, 2026 at 1:00 PM** in Courtroom 9 before Magistrate Judge Stanley A. Boone.

## I.

## BACKGROUND

On December 2, 2025, Plaintiffs Bethany Liou, Grande Oak LLC, and Grand LLC (collectively, "Plaintiffs") brought this action against Defendants Stonecrest Financial Inc., PLM Loan Processing Center Inc., Jon O. Freeman, Ashu Rege, and Shafig Taymuree (collectively, "Defendants"). (ECF No. 1.)  Bethany Liou is the founder and managing member of Grande Oak LLC and Grande, LLC.  (Id. ¶ 10.)

On January 27, 2026, Attorney John R. Setlich filed a motion to withdraw as attorney of record for all Plaintiffs. (ECF No. 6.)  On February 9, 2026, Attorney Setlich filed an identical copy of the motion to withdraw as attorney.[1]  (ECF No. 7.)  In his Declaration, Attorney Setlich represents that "[t]here currently exists a breakdown of the attorney-client relationship" and "[i]rreconcilable differences have arisen between counsel and client, making continued representation untenable ahead of the impending [Initial Scheduling Conference] deadline difficult and immediate withdrawal is necessary to prevent prejudice to the client."  (Id. ¶¶ 3, 7.)

Attorney Setlich states that his office "has attempted to reach our client by phone call but have been unsuccessful" and will be serving a copy of the motion to the client at their last known address.  (Id. ¶ 5.)  Attorney Setlich further explains that his office was removed as counsel for Plaintiffs in a San Mateo County Superior Court action, Case No. 25-CIV-04772, and that the client has been made aware of the withdrawal in the state court action.  (Id. ¶ 6.)

## II.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).  In the Eastern District of

---

[1] Because the motions appear identical, the Court will proceed on the motion filed February 9, 2026. (ECF No. 7.)

2

California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); see also Thomas v. Experian Info. Sols., Inc., 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. Thomas, 2014 WL 7359180, at *1; Canandaigua, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Canandaigua, 2009 WL 89141 at *1. Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

3

## III.

## DISCUSSION

Cal. R. Prof. Conduct 1.16(d) states that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . ." (internal punctuation omitted).

Counsel has filed proof of service on Bethany Liou, Grande Oak LLC, and Grande, LLC, indicating that on January 23, 2026 the motion to withdraw and accompanying declaration were mailed to 21701 Stevens Creek Blvd, #2610, Cupertino CA 95014.

Aside from the nondescript statement that "[o]ur office has attempted to reach our client by phone call but have been unsuccessful," the motion is silent as to the steps Counsel has taken to avoid reasonably foreseeable prejudice to Plaintiffs. The sparse motion does not provide sufficient information for the Court to determine whether Counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the clients. See Lanier v. City of Fresno, No. 1:10-CV-01120-LJO, 2011 WL 5118526, at *1 (E.D. Cal. Oct. 27, 2011) (finding motion to withdraw fails to meet the requirements of L.R. 182(d) where counsel fails to detail efforts to notify plaintiff in his declaration or affidavit); Travis v. Amerihome Mortgage Company LLC, No. 1:23-CV-01267-KES-SAB (E.D. Cal. May 22, 2025) (ordering supplemental briefing where motion to withdraw does not detail steps counsel has taken to avoid prejudice to plaintiff). It is insufficient that Plaintiffs are aware of the fact that Counsel has been removed as counsel for Plaintiffs in the San Mateo County Superior Court action. (ECF No. 7 ¶ 6.) Counsel is directed to file a supplemental declaration to explain in greater detail the steps Counsel has taken in the to avoid reasonably foreseeable prejudice to Plaintiffs, including attempts to reach Plaintiffs. To the extent that Counsel is required to submit more particularized evidence, Counsel is instructed to request the opportunity to submit declarations for confidential in-camera examination.

Plaintiffs Grande Oak LLC and Grande, LLC are separately advised that, as corporate entities, they are required to obtain new counsel or they will be subject to default and default judgment. "[A] corporation may appear in the federal courts only through licensed

4

counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam). Additionally, Local Rule 183(a) provides: "[a] corporation or other entity may appear only by an attorney." See J & J Sports Prods., Inc. v. De La Cerda, No. 1:11-CV-01896-LJO, 2013 WL 1091697, at *2 (E.D. Cal. Mar. 14, 2013). Accordingly, if the motion is granted, Plaintiffs Grande Oak LLC and Grande, LLC will need to retain new counsel to litigate any matters in this case. To the extent Bethany Liou chooses to represent herself in propria persona, she is cautioned that she is unable to represent any corporate or unincorporated entities. Webb v. Uship, No. 2:25-CV-2043- DJC-AC-PS, 2025 WL 2709730, at *3 (E.D. Cal. Sept. 23, 2025) ("Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities in pro se.")

Having considered the moving papers and record in this action, the Court determines that it is necessary to have Plaintiffs and Counsel be present for the hearing. Counsel should be prepared to discuss reasonable steps taken by Counsel to avoid reasonably foreseeable prejudice to Plaintiffs and Plaintiffs' notice of the motion.

///

///

///

///

///

///

5

**ORDER**

For the reasons stated above, it IS HEREBY ORDERED that:

1.  Plaintiffs' counsel SHALL file a supplemental declaration in support of the motion to withdraw to address the deficiencies identified herein **on or before close of business on March 17, 2026**.

2.  Plaintiffs and Plaintiffs' counsel SHALL appear in person or by videoconference at the hearing currently set for **March 18, 2026, at 1:00 PM in Courtroom 9 before Magistrate Judge Stanley A. Boone**.

IT IS SO ORDERED.

Dated:    **March 16, 2026**

STANLEY A. BOONE
United States Magistrate Judge

6