UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BETHANY LIOU, an individual,
GRANDE OAK LLC, a California Limited
Liability Company, and GRANDE, LLC, a
California Limited Liability Company,

Plaintiffs,

v.

STONECREST FINANCIAL, INC., PLM
LOAN PROCESSING CENTER, INTC.,
JON O. FREEMAN, ASHU REGE,
SHAFIG TAYMUREE, and DOES 1
through 50, inclusive,

Defendants.

Case No.  1:25-cv-01706-KES-FRS (SAB)

**ORDER GRANTING MOTION FOR
LEAVE TO WITHDRAW AS ATTORNEY
OF RECORD**

(ECF Nos. 6, 7)

Currently before the Court is John R. Setlich of the Law Offices of John R. Setlich's motion to withdraw as counsel of record for Plaintiffs Bethany Liou, Grande Oak LLC, and Grande, LLC.  (ECF No. 7.)  The matter was heard by videoconference on March 18, 2026, before United States Magistrate Judge Stanley A. Boone.  Counsel John Setlich appeared by Zoom video on behalf of Plaintiffs.  Neither Plaintiff Bethany Liou nor any other representative of Grande Oak LLC or Grande, LLC appeared.

Having considered the moving papers, arguments of counsel, and record in this action, the motion to withdraw as counsel of record will be GRANTED.

1

## I.

## BACKGROUND

On December 2, 2025, Plaintiffs Bethany Liou, Grande Oak LLC, and Grand LLC (collectively, "Plaintiffs") brought this action against Defendants Stonecrest Financial Inc., PLM Loan Processing Center Inc., Jon O. Freeman, Ashu Rege, and Shafig Taymuree (collectively, "Defendants").  (ECF No. 1.)  Bethany Liou is the founder and managing member of Grande Oak LLC and Grande, LLC.  (Id. ¶ 10.)

On January 27, 2026, Attorney John R. Setlich filed a motion to withdraw as attorney of record for all Plaintiffs.  (ECF No. 6.)  On February 9, 2026, Attorney Setlich filed an identical copy of the motion to withdraw as attorney.[1]  (ECF No. 7.)  On March 16, 2026, the Court reviewed Attorney Setlich's motion to withdraw and found the motion substantively deficient.  (ECF No. 9.)  Counsel was directed to file a supplemental declaration in support of the motion to withdraw to address the deficiencies identified.  (Id.)  Plaintiffs and their counsel were directed to appear in person or by videoconference at the March 18, 2026 motion hearing.  (Id.)  Counsel timely filed a supplemental declaration providing the requested detail in support of their motion to withdraw.  (ECF No. 10.)

On March 18, 2026, the Court held a hearing on the motion to withdraw.  (ECF No. 11.)  Attorney Setlich appeared via Zoom video on behalf of Plaintiffs.  Neither Plaintiff Bethany Liou nor any other representative of Grande Oak LLC or Grande, LLC appeared at the hearing.

In his declaration filed February 9, 2026, Attorney Setlich represents that "[t]here currently exists a breakdown of the attorney-client relationship" and "[i]rreconcilable differences have arisen between counsel and client, making continued representation untenable ahead of the impending [Initial Scheduling Conference] deadline difficult and immediate withdrawal is necessary to prevent prejudice to the client."  (ECF No. 7 ¶¶ 3, 7.)  Attorney Setlich further represents that shortly after this action was filed, Counsel "began to encounter issues with our client regarding case strategy, procedural posture and consistent communication."  (ECF No. 10 ¶

---

[1] As noted in the Court's March 16, 2026 order, because the motions appear identical, the Court will proceed on the motion filed February 9, 2026.  (ECF Nos. 7, 9.)

2.) Counsel's office "attempted to call our client multiple times regarding case management" but Plaintiff Liou was not responsive. (Id. ¶ 5.) Counsel reports that there were disagreements about the appropriate course of action to proceed in this action, and that given these discrepancies, he "did not believe effective representation was possible." (Id. ¶¶ 3-4.)

Attorney Setlich states that his office "has attempted to reach our client by phone call but have been unsuccessful" and served a copy of the motion to the client at her last known address. (ECF No. 7 ¶ 5; ECF No. 10 ¶ 6.) Attorney Setlich further explains that his office was removed as counsel for Plaintiffs in a San Mateo County Superior Court action, Case No. 25-CIV-04772, and that the client has been made aware of the withdrawal in the state court action. (ECF No. 7 ¶ 6.)

## II.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012). In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); see also Thomas v. Experian Info. Sols., Inc., 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009)

(determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. Thomas, 2014 WL 7359180, at *1; Canandaigua, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Canandaigua, 2009 WL 89141 at *1. Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

### III.

### DISCUSSION

The Court will first consider the reasons why withdrawal is sought. Canandaigua, 2009 WL 89141 at *1. Counsel states that "[t]here currently exists a breakdown of the attorney-client relationship" and that "[i]reconcilable differences have arisen between counsel and client, making continued representation untenable." (ECF No. 7 ¶¶ 3, 7.) In his supplemental declaration, Counsel states that shortly after this action was filed, his office "began to encounter issues with our client regarding case strategy, procedural posture and consistent communication." (ECF No. 10 ¶ 3.) Counsel states that his office and the client "disagreed about the procedural posture of the matter, namely the current legal issues and potential motions to be filed," and that "[t]he client insistent upon pursuing a course of action that our office had a fundamental disagreement about." (Id. ¶¶ 3-4.) Given these disagreements, Counsel states that he "did not believe effective

4

representation was possible." (Id. ¶ 4.)

The Court will next consider the prejudice withdrawal may cause other litigants, harm to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. Canandaigua, 2009 WL 89141 at *1. Counsel's supplemental declaration states that copies of the motion to withdraw were mailed to Plaintiff Liou at her last known address on January 23, 2026 and Plaintiffs were put on notice at that time, allowing ample time to obtain new counsel. (ECF No. 7 ¶¶ 6-7.) Counsel has filed proof of service on Bethany Liou, Grande Oak LLC, and Grande, LLC, indicating that on January 23, 2026 the motion to withdraw and accompanying declaration were mailed to 21701 Stevens Creek Blvd, #2610, Cupertino CA 95014. (Id. at 5.) Counsel further notes that no defendants have yet appeared in this action or filed an opposition, and therefore the granting of this motion will not delay the resolution of this action. (ECF No. 10 ¶ 8.)

Accordingly, Court finds that Counsel has demonstrated good cause for permissive withdrawal as attorney of record in light of factors outlined above. Given the procedural posture of this case, the Court can minimize the harm to the administration of justice and not unduly delay the resolution of the case.

**IV.**

**ORDER**

For the reasons stated above, it IS HEREBY ORDERED that:

1. The motion for leave to withdraw as attorneys of record for Plaintiffs Bethany Liou, Grande Oak LLC, and Grand LLC filed by John R. Setlich of The Law Offices of John R. Setlich (ECF No. 7) is **GRANTED**,

2. The motion to withdraw as attorney (ECF No. 6) is **DISMISSED** as duplicative,

3. Bethany Liou is substituted *in propria persona* in place and stead of John R. Setlich of The Law Offices of John R. Setlich,

4. The Clerk of the Court is directed to update the docket with the contact information of Bethany Liou at her last known address:

   21701 Stevens Creek Blvd, # 2610

5

Cupertino CA 95014

Plaintiff is advised that pursuant to Local Rules 182(f) and 183(b) she is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number, and

5. The Clerk of the Court is directed to serve a copy of this Order on Plaintiff by mail at her last known address.

IT IS SO ORDERED.

Dated:    **March 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge

6