# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY LIOU, an individual, GRANDE OAK LLC, a California Limited Liability Company, and GRANDE, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>STONECREST FINANCIAL, INC., PLM LOAN PROCESSING CENTER, INTC., JON O. FREEMAN, ASHU REGE, SHAFIG TAYMUREE, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  1:25-cv-1706-KES-FRS (SAB)<br><br>ORDER REQUIRING PLAINTIFFS TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBTAIN NEW COUNSEL PURSUANT TO LOCAL RULE 183(a)<br><br>ORDER REQUIRING PLAINTIFFS TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT MOTION HEARING<br><br>**THIRTY DAY DEADLINE** |

On January 27, 2026, Attorney John R. Setlich filed a motion to withdraw as attorney of record for Plaintiffs Bethany Liou, Grande Oak LLC, and Grand LLC (collectively, "Plaintiffs"). (ECF No. 6.)  Bethany Liou is the founder and managing member of Grande Oak LLC and Grande, LLC. (ECF No. 1 ¶ 10.)  The matter was heard by videoconference on March 18, 2026, before United States Magistrate Judge Stanley A. Boone.  Neither Plaintiff Bethany Liou nor any other representative of Grande Oak LLC or Grande, LLC appeared.  On March 19, 2026,

1

the Court granted counsel's motion to withdraw.  (ECF No. 12.)

As discussed at the March 18, 2026 hearing, granting the motion leaves Plaintiffs Grande Oak LLC and Grande, LLC, both corporate entities, without counsel.   "Corporations and other unincorporated associations must appear in court through an attorney."  In re Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994); see Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993).  This Court's Local Rule 183(a) specifically provides that "[a] corporation or other entity may appear only by an attorney."  As advised in the Court's March 16, 2026 order, new counsel for Plaintiffs Grande Oak LLC or Grande, LLC are required to make an appearance in the instant action due to Local Rule 183(a)'s bar on corporations appearing in propria persona. (ECF No. 9 at 4-5.)

The Court shall require Plaintiffs to show cause why this action should not be dismissed for the failure to have counsel to appear to represent Plaintiffs Grande Oak LLC and Grande, LLC, as required by Local Rule 183(a).

Additionally, Plaintiffs did not appear at the hearing despite being directed to appear in person or by videoconference at the hearing.  (ECF No. 9 at 1-2.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Plaintiffs shall be required to show cause why sanctions should not issue for the failure to make any appearance at the hearing held on March 18, 2026.

Accordingly, IT IS HEREBY ORDERED that, within **thirty (30) days** from the date of entry of this order:

1. Plaintiffs shall show cause in writing why the action should not be dismissed for failure of have counsel to appear to represent Plaintiffs Grande Oak LLC and Grande, LLC, as required by Local Rule 183(a); and

2.  Plaintiffs shall show cause in writing why sanctions should not be imposed for the failure to attend the motion hearing held on March 18, 2026.

Failure to comply with this order will result in the issuance of sanctions and/or dismissal of the case as to entity plaintiffs.

IT IS SO ORDERED.

Dated:    **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge