UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY LIOU, et al., | Case No. 1:25-cv-01706-KES-FJS |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROVIDE COUNSEL FOR CORPORATE ENTITES |
| v. | |
| STONECREST FINANCIAL INC, et al., | |
| Defendants. | (ECF No. 13) |
| | FOURTEEN (14) DAY DEADLINE |

These findings and recommendations recommend that Plaintiffs Bethany Liou, Grande Oak LLC, and Grand LLC's (collectively, "Plaintiffs") case be dismissed without prejudice and that this case be closed.

I.      PROCEDURAL BACKGROUND

On December 2, 2025, Plaintiffs filed a complaint to quiet title to foreclosed properties, to rescind instruments, and obtain damages. (ECF No. 1.)

On January 27, 2026, Attorney John R. Setlich filed a motion to withdraw as attorney of record for Plaintiffs. (ECF No. 6.) Bethany Liou is the founder and managing member of Grande Oak LLC and Grande LLC. (ECF No. 1 ¶ 10.) The matter was heard by videoconference on

March 18, 2026, before United States Magistrate Judge Stanley A. Boone. (ECF No. 11.) Neither Plaintiff Bethany Liou nor any other representative of Grande Oak LLC or Grande LLC appeared. (ECF No. 12.) On March 19, 2026, the court granted counsel's motion to withdraw. (ECF No. 12.)

As discussed at the March 18, 2026, hearing, granting the motion to withdraw leaves Plaintiffs Grande Oak LLC and Grande LLC, both corporate entities, without counsel. "Corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Local Rule 183(a) specifically provides that "[a] corporation or other entity may appear only by an attorney." As advised in the court's March 16, 2026, order, new counsel for Plaintiffs Grande Oak LLC or Grande LLC are required to make an appearance in the instant action due to Local Rule 183(a)'s bar on corporations appearing *in propria persona*. (ECF No. 9 at 4-5.) On March 20, 2026, Plaintiffs were ordered to show cause in writing "why the action should not be dismissed for failure of have counsel to appear to represent Plaintiffs Grande Oak LLC and Grande, LLC, as required by Local Rule 183(a)." (ECF No. 13 at 2.) Plaintiffs were ordered to respond in writing by April 19, 2026, (*See* ECF No. 13 at 2) but have failed to do so in violation of this court's order.

Additionally, Plaintiffs did not appear at the March 18, 2026, hearing despite being directed to appear in person or by videoconference. (ECF No. 9 at 1-2.) Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). On March 20, 2026, the court ordered Plaintiffs to show cause in writing within thirty days "why sanctions should not be imposed for the failure to attend the motion hearing held on March 18, 2026" but Plaintiffs have failed to do so in violation of the court's order. (ECF No. 13 at 3.)

II.      LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

comply with the court's local rules, or failure to comply with the court's orders. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). The Local Rules reiterate this authority. *See* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260-61. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation modified). Although involuntary dismissal can be a harsh remedy, the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiffs' failure to respond to the OSC and failure to provide counsel for the corporate entities despite clear warnings of the consequences for such failures, and Plaintiffs failure to appear at the hearing on March 18, 2026, strongly suggests that Plaintiffs have abandoned this action or are not interested in seriously prosecuting it. *See, e.g., Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Any further time the court spends on this case—a case

3

Plaintiffs have demonstrated a lack of any serious intention to pursue—will consume scarce judicial resources and take away from other active cases. *See Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants). In addition, the third factor, which considers prejudice to a defendant, should be given some weight. Although Defendants have not been served or appeared in this action, Defendants remain named in a lawsuit. It is enough that Defendants have been named in a lawsuit that remains a matter of public record. Yet Plaintiffs have unreasonably delayed prosecuting this action to the point that the lawsuit is now effectively abandoned. Unreasonable delay is presumed to be prejudicial. *See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court pursued remedies that are less drastic than a recommendation of dismissal. The court advised Plaintiffs that they were required to actively prosecute this action and follow the court's orders. It also warned Plaintiffs in clear terms that failure to provide counsel for the corporate entities and failure to show cause as to why Plaintiffs did not attend the hearing would result in a recommendation of dismissal. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. *See, e.g., Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. Yet, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation modified). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.

4

III.    FINDINGS AND RECOMMENDATIONS

Accordingly, for the reasons explained above, IT IS RECOMMENDED that:

1.    This case be dismissed, without prejudice, based on Plaintiffs' failure to prosecute this case, failure to comply with a court order, and failure to provide counsel for the corporate entities.

2.    The clerk of court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's Local Rule 304. Within fourteen (14) days of service of these recommendations, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court.  Any pages filed in excess of the 15-page limit may not be considered.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**May 26, 2026**__                    _____
                                                      UNITED STATES MAGISTRATE JUDGE

5